UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States, | No. 2:21-cr-00195-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Ivan Ruiz-Avaloz, | |
| Defendant. | |

Defendant Ivan Ruiz-Avaloz[1] moves *pro se* for a reduction of his sentence under 18 U.S.C. § 3582(c) based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. For the reasons set forth below, the court **denies** defendant's motion.

I.   BACKGROUND

On December 6, 2021, subject to a written plea agreement, defendant pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. §1326(a). Plea Hr'g Mins., ECF No. 25; Plea Agreement, ECF No. 24. The probation officer prepared a summary presentence investigation report (PSR) and found defendant's total offense level was 25. Pre-Plea Presentence Investigation Report ("Pre-Plea PSR") ¶ 22, ECF No. 20. The officer also assigned Mr. Ruiz-Avalos 6 criminal history points based on two prior felony drug convictions and added

---

[1] Mr. Ruiz-Avaloz also appears on the record under the name Ivan Quintero Jimenez. The court has acknowledged the defendant's use of both names. *See* Plea Hr'g Mins., ECF No. 25.

two points under U.S.S.G § 4A1.1(d) because the instant offense was committed while defendant was under a criminal justice sentence. *Id.* ¶¶ 26–31. This resulted in a total criminal history score of 8 and a criminal history category of IV. *Id.* The court adopted the PSR without making any changes and sentenced defendant to a custodial term of 63 months. J. & Commitment at 2, ECF No. 26; Sent'g Min., ECF No. 25.

Defendant now seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2) given the recent retroactive amendments to the U.S. Sentencing Guidelines. *See generally* Mot., ECF No. 73. The court referred the motion to the Office of the Federal Defender (FDO) as provided by General Order 670. Min. Order (July 26, 2024), ECF No. 35. The FDO then filed a notice of non-representation. Not., ECF No. 38. The United States filed an opposition, Opp'n, ECF No. 37, and defendant did not reply.

## II. LEGAL STANDARD

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, exceptions to this rule apply, including:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c)(2).

Section 3582(c)(2) requires the court to engage in a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done by "determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (alteration in original) (citation and quotation marks omitted). Second, the court "consider[s] any applicable § 3553(a) factors and determine[s]

whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

### III. ANALYSIS

Defendant contends he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) due to the retroactive nature of Amendment 821. Mot. at 1. The government agrees Amendment 821 applies retroactively but argues application of Amendment 821 does not lower defendant's guideline range, and so defendant is ineligible for a sentence reduction. Opp'n at 3–4.

To determine whether a reduction is appropriate, the court must first determine whether defendant is eligible. *See Dunn*, 728 F.3d at 1155. Amendment 821 modifies the U.S. Sentencing Guidelines retroactively to reduce the number of "status points" assigned to defendants who "committed the instant offense while under any criminal justice sentence," from two points to one. *See* U.S.S.G. § 4A1.1(e) (2023); Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821, pt. A.[2]

Defendant's criminal history category IV was based on an offense level of 25 and 8 total criminal history points, two of which were status points. PSR ¶¶ 27–31. Amendment 821 lowers defendant's criminal history score to 6. U.S.S.G. Amend. 821, pt. A; U.S.S.G. § 4A1.1(e) (2023). This changes defendant's criminal history category from IV to III and the applicable sentencing range therefore is 70 to 87 months. U.S.S.G. ch. 5, pt. A (Sentencing Table). U.S.S.G § 1B1.10 provides "[a] reduction in the defendant's term of imprisonment is not . . . authorized under 18 U.S.C. § 3582(c)(2) if . . . (A) to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Subsection (B) includes an exception in cases where the defendant provided substantial assistance to the government at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(B). Because this court sentenced defendant to 63 months, which is less than the minimum of even the amended range, and because he did not provide substantial assistance to the government at the time of sentencing, he is not eligible for a sentence reduction under 18 U.S.C.

---

[2] United States Sentencing Commission, Amendment 821, U.S.S.C., https://www.ussc.gov/guidelines/amendment/821 (last visited December 5, 2024).

§ 3582(c)(2). The court need not reach the defendant's additional arguments. *See, e.g.*, *United States v. Cruz*, No. 22-00389, 2024 WL 1607039, at *2 (N.D. Cal. Apr. 11, 2024).

### IV. CONCLUSION

For the reasons set forth above, the court **denies** defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

This order resolves ECF No. 34.

IT IS SO ORDERED.

DATED: December 17, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE