UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States, | No. 2:21-cr-00195-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Ivan Ruiz-Avaloz, | |
| Defendant. | |

Defendant Ivan Ruiz-Avaloz[1] moves *pro se* for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. The government has not responded to the motion. Because defendant presents substantially the same arguments raised in his previous motion for a reduction of his sentence, *see* Order (Dec. 28, 2024), ECF No. 40, the court construes this motion as a motion for reconsideration of the court's previous order. For the reasons set forth below, the court **denies** defendant's motion.

---

[1] As previously noted by the court, Mr. Ruiz-Avaloz also appears on the record under the name Ivan Quintero Jimenez. The court has acknowledged the defendant's use of both names. *See* Plea Hr'g Mins., ECF No. 25.

1

## I. BACKGROUND

The court, having summarized the relevant background of this case in its previous order, incorporates the factual background by reference here. *Id.* In summary, on December 6, 2021, defendant pled guilty to violating 8 U.S.C. § 1326(a), and the court adopted the presentence report assigning him a total offense level of 25 and a criminal history category of IV, resulting in a 63-month custodial sentence. In July 2024, defendant moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the Sentencing Guidelines. Mot. (July 15, 2024), ECF No. 34.

In its previous order, the court considered whether defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive Amendment 821, which reduced the number of "status points" assigned to defendant under the Sentencing Guidelines. The court determined the amendment lowered the defendant's criminal history score from IV to III and the applicable sentencing range was therefore 70 to 87 months. Order (Dec. 28, 2024) at 3. Although Amendment 821 lowered defendant's criminal history category and thus also the applicable guideline range, the court found he was ineligible for a reduction because his original sentence of 63 months was already below the low end of the amended range and he had not provided substantial assistance to the government; accordingly, the court denied the motion. *Id.* at 4.

Defendant now asks the court to reconsider its prior order denying his motion for compassionate release. Mot., ECF No. 42.

## II. LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit allows parties to file post-judgment motions for reconsideration in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (citation omitted). Instead, it is left to the district court's discretion. *Id.*

At the same time, this court's local rules impose specific requirements for motions for reconsideration. Such motions must identify "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." *See* E.D. Cal. L.R. 430.1(i)(3). "But as is true of motions for reconsideration in civil cases, motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." *United States v. Davis*, No. 98-00114, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*, No. 21-10094, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).

### III.  ANALYSIS

In his motion for reconsideration, defendant does not dispute that the applicable sentencing range under Amendment 821 is 70 to 87 months or that the court's original sentence was 63 months. *Id.* at 2. Defendant instead asks for reconsideration asserting that the court's denial was incorrect "in a relational sense." *Id.* That is, defendant asserts that because the court previously sentenced him to a sentence approximately "%25 [*sic*] lower" than the then-applicable guideline range of 84 to 105 months, his sentence should be reduced to approximately 25% below the retroactively applicable sentencing range of 70 to 87 months. According to defendant's calculations, "the appropriate sentence should be 53 months." *Id.* at 2.

As explained in its previous order, generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, exceptions to this rule apply, including:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c)(2).

U.S.S.G. § 1B1.10 provides "[a] reduction in the defendant's term of imprisonment is not . . . authorized under 18 U.S.C. § 3582(c)(2) . . . (A) to a term that is less than the minimum of the

amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).  Subsection (B) includes a single exception in cases where the defendant provided substantial assistance to the government at the time of sentencing.  U.S.S.G. § 1B1.10(b)(2)(B).  Because this court sentenced defendant to 63 months, which is less than the minimum of even the amended range, and because he did not provide substantial assistance to the government at the time of sentencing, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10 provides no authority for the court to reduce a defendant's sentence because it previously imposed a sentence below the guideline range.  Indeed, the Guidelines explicitly prohibit reductions on this basis.  *See* U.S.S.G. § 1B1.10(b)(2)(A).  Defendant does not point to any changes in the applicable law, no other arguments warrant reconsideration and denial would not cause manifest injustice.

**IV.    CONCLUSION**

For the reasons set forth above, the court **denies** defendant's motion to reduce his sentence under 18 U.S.C § 3582(c)(2).

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: July 8, 2025.

UNITED STATES DISTRICT JUDGE